**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

Trent Baker (USB No. 8799)
Baker & Associates PLLC
470 East 9th Avenue
Salt Lake City, Utah 84103
801-533-4095 direct line
trent@bakeriplaw.com

*Attorney for Plaintiff, BLACK DIAMOND INC.*

| | |
|---|---|
| **BLACK DIAMOND INC.** *Plaintiff,* v. **SALEWA NORTH AMERICA WILD COUNTRY UK** *Defendant.* | **COMPLAINT FOR PATENT INFRINGEMENT** **JURY TRIAL DEMANDED** Civil Action No.  __2:16-cv-00915-BCW__ |

**COMPLAINT**

Plaintiff BLACK DIAMOND INC. ("Black Diamond") for its Complaint against Defendants SALEWA NORTH AMERICA ("Salewa") and WILD COUNTRY ("Wild Country"), states and alleges as follows:

## THE PARTIES

1. Plaintiff Black Diamond is a Utah company with a principal place of business at 2084 East 3900 South Salt Lake City, UT 84124 USA.

2. Upon information and belief, Defendant Salewa is a Colorado corporation with its principal place of business at 1711 15th Street, 2nd Floor 80302-6352 Boulder, CO USA.

3. Upon information and belief, Defendant Wild Country is an international corporation with its principal place of business at Meverill Rd Tideswell Derbyshire SK17 8PY United Kingdom.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) - (c) and 1400(b) because of Salewa's and Wild Country's contacts with this jurisdiction are sufficient to subject it to personal jurisdiction in this district.

6. The Court has personal jurisdiction over Salewa and Wild Country in this action because Salewa and Wild Country have had, and continue to have, substantial, continuous and systematic contacts with the State of Utah and, thus have purposefully availed themselves of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

7. Upon information and belief, Salewa and Wild Country regularly transact business in this judicial district by, among other things, offering for sale and selling the WILD COUNTRY NEW FRIEND ( "WCNF") product at various retail locations including GEAR EXPRESS, Backcountry.com, Utah Mountain Sports, and Mountainworks as provided on http://www.wildcountry.com/en/store-locator.

**BACKGROUND FACTS**

8. Users use active camming devices as fall protection during certain rope based activities including rock climbing, canyoneering, and mountaineering.   To this end, participants utilize one or more camming devices to slidably and removably intercouple a rope to a surface during these activities.

9. Black Diamond is recognized as an international leader in the continual development of active camming device technologies.   Black Diamond markets and sells active camming products including but not limited to the CAMALOT, CAMALOT ULTRALIGHT, CAMALOT X4, and CAMALOT C3.   Examples of these retail products may be viewed at www.blackdiamondequipment.com.   Black Diamond applied for and was granted US patent protection for specific active camming device technologies pertaining to the stem.   Black Diamond owns all right, title and interest in U.S. Patents No. 7,959,118 ("the '118 patent") and 7,959,119 ("the '119 patent").

10. The '118 patent, entitled "Protection Device Stem Design", was duly and legally issued by the United States Patent and Trademark Office on June 14, 2011, after full and fair examination.   A copy of the '118 patent is attached hereto as Exhibit A.

11.  The '119 patent, entitled titled "Protection Device Stem Design" was duly and legally issued by the United States Patent and Trademark Office on June 14, 2011 after full and fair examination.   A copy of the '119 patent is attached hereto as Exhibit B.

12. The Defendants sell and distribute an active camming device titled the WCNF, which infringes both the '118 and '119 patents.

## CLAIM FOR RELIEF

### Infringement of Black Diamond's '118 and '119 Patents

13. Black Diamond repeats and realleges, as though fully set forth herein, the allegations contained in paragraphs 1 through 12 of this Complaint.

14. Defendants have willfully infringed and are continuing to willfully infringe the '118 and '119 patents by making, using, and offering to sell, and/or distributing in the United States, and/or importing into the Unites States, products that are encompassed by the claims of the '118 and '119 patents, by inducing others to infringe the '118 and '119 patents, and/or by contributing to others' infringement of the '118 and '119 patents. In particular, and without limitation, at least Salewa's and Wild Country's [WCNF](WCNF) product is encompassed by and literally infringes claims of the '118 and '119 patents.

15. Upon information and belief, Salewa and Wild Country were aware of the '118 and '119 patent prior to the development of the WCNF product. Representatives of Black Diamond met with Mr. Stefano Madau (General Manager of Technical Hardware for Wild Country) on Thursday, July 14th 2016 at the OutDoor Show in Friedrichshafen, Germany to discuss the clear infringement of the '118 and '119 patents by the WCNF product. During the meeting, Mr. Madau stated that Wild Country was well aware of the '118 and '119 patents.

16. Upon information and belief, Salewa and Wild Country will continue to willfully infringe the '118 and '119 patents unless enjoined by this court.

17. As a direct and proximate result of the acts of patent infringement by Salewa and Wild Country, Black Diamond has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35

U.S.C. § 285, and Black Diamond is entitled to recover its reasonable and necessary fees and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Black Diamond respectfully requests that the Court enter judgment against Defendants and against their subsidiaries, affiliates, agents, servants, employee, and all persons in active concert or participation with them, granting the following relief:

A. Finding that Salewa and Wild Country have infringed, and willfully infringed, the '118 and '119 patents;

B. Preliminarily and permanently enjoining Salewa and Wild Country, its officers, agents, servants, employees, and all other in active concert or participation with them who receive action notice of said injunction from infringing, contributing to the infringement of, or inducing the infringement of the '118 and '119 Patents;

C. Awarding damages sustained by Black Diamond by reason of Salewa's and Wild Country's infringement of the '118 and '119 patents, including but not limited a reasonable royalty, together with interest thereon, and such damages trebled pursuant to 35 U.S.C. 284.

D. Granting to Black Diamond such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Black Diamond asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues triable by a jury.

DATED: August 31, 2016

Respectfully submitted,

Trent Baker on behalf of BLACK DIAMOND INC.
Trent H. Baker, *attorney for plaintiff*

BAKER & ASSOCIATES PLLC
Registered Patent Attorney
Creative people need creative attorneys™
470 East Ninth Avenue Salt Lake City, UT 84103 USA
Phone 801-533-4095 fax 801-665-1358
trent@bakeriplaw.com

Adam M. Cohen
*(Not yet admitted, pro hac vice motion to be submitted)*
Kane Kessler, P.C.
666 Third Avenue
New York, NY 10017-4041
(212) 541-6222